IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

YUANJIE DU,
    Plaintiff,

v.                                        Civil Action No. 2:14-cv-100

CHRISTOPHER SEAN McCARTHY,
    Defendant.

## REPORT AND RECOMMENDATION

On December 29, 2014, *pro se* Plaintiff Yuanjie Du ("Plaintiff") filed a Complaint, petitioning for enforcement of a Form I-864 Affidavit of Support Form under the Immigration and Nationality Act. (Docket No. 1.) Plaintiff was granted leave to proceed *in forma pauperis*, and the United States Marshal Service was ordered to effect service. (Docket No. 4.) After receiving an extension of time, *pro se* Defendant Christopher Sean McCarthy ("Defendant") filed a motion to dismiss on January 16, 2014. (Docket No. 15.) On January 16, 2015, the undersigned entered a notice pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), notifying Plaintiff of her right to respond to the motion to dismiss. (Docket No. 16.) Plaintiff filed her response on February 11, 2015. (Docket No. 21.)

### I.   Relevant History

Plaintiff and Defendant were married in Lewis County, West Virginia, on October 15, 2012. (Docket No. 15-10 at 15.) On November 8, 2012, Defendant signed a Form I-864, Affidavit of Support, under Section 213A of the Immigration and Nationality Act. (Docket No. 1-1.) Under the Affidavit of Support, if Plaintiff became a permanent resident, Defendant was obligated to provide support necessary to maintain Plaintiff at an "income that is at least 125 percent of the Federal Poverty Guidelines for his or her household size." (Id.) Plaintiff became a permanent resident on

March 18, 2013. (Docket No. 1-2.)

Defendant filed a Petition for Divorce in the Family Court of Randolph County, West Virginia, on March 28, 2014. (Docket No. 15-10 at 14.) On April 14, 2014, in a Modified Protective Order, the Honorable Michele Good ordered Defendant to pay temporary spousal support to Plaintiff in the amount of $300.00 per month. (Docket No. 15-5 at 8.) On October 29, 2014, Judge Good entered an Interim Order, finding as follows:

1. That the Respondent may be entitled to support from the Petitioner pursuant to the Immigration Act;

2. That under the Act the Respondent may be entitled to seek to enforce this right as part of this divorce action;

3. That the Respondent did not plead this "right" as a ground for spousal support in her Answer nor in her Amended Answer;

4. That while the Petitioner did sign the document that gives rise to the Respondent's claimed duty to support, the Petitioner is not required to be prepared to defend himself against a ground that was not formally plead by the Respondent.

(Docket No. 15-1 at 1.) Judge Good ruled that she would not hear testimony related to Plaintiff's claim for support under the Affidavit for Support. (Id.)

Judge Good entered a Final Divorce Order on November 21, 2014. She denied Plaintiff's request for reconsideration of the previous ruling prohibiting testimony related to the claim for support under the Affidavit for Support. (Docket No. 15-10 at 19.) Judge Good ordered Defendant to continue to pay temporary spousal support at the current level until the end of February, 2015. (Id. at 21.) If Plaintiff were to move out of the marital home before the end of February 2015, Defendant would then be required to pay $500.00 per month in spousal support until the end of February 2015. (Id.)

## II. Contentions of the Parties

### A. Plaintiff's Complaint

In her Complaint, Plaintiff requests that the Court enforce the Affidavit of Support against Defendant. (Docket No. 1 at 1.) Specifically, she requests that the Court provide the following relief:

1. Enforce Defendant's obligations of financial support to Plaintiff under the Affidavit of Support;

2. Order Defendant to immediately pay the support due for the "year of 2014 to the date of a court decision, at a level of annual income that is not less than 125 percent of the Federal Poverty Guidelines under Affidavit of Support Form I-864";

3. Order Defendant to continue his obligations from the date of a court decision "on a twice-a-month basis, at a level of annual income that is not less than 125 percent of the current Federal Poverty Guidelines"; and

4. Order Defendant to pay any expenses incurred in pursuing this matter "to obtain, enforce or collect a judgment and any legal fees and costs of collection."

(Id. at 3-4.)

### B. Defendant's Motion to Dismiss

In his motion to dismiss, Defendant asserts that Plaintiff is only a conditional resident, and that support pursuant to the I-864 commence after a sponsored immigrant becomes a permanent resident. (Docket No. 15 at 1.) He also argues that Plaintiff received legal permanent residence status pursuant to the Violence Against Women Act ("VAWA") through a Form I-360 self-petition. (Id.) Because of this, he argues that he is exempt from all liability under the Affidavit of Support. (Id. at 2.) Defendant asks the Court to dismiss Plaintiff's Complaint "due to failure to properly plea it in an earlier case in which it could have been awarded." (Id.)

3

C.  **Plaintiff's Response**

In her response, Plaintiff states that she has been a lawful permanent resident since March 18, 2013. (Docket No. 21 at 1.) Plaintiff asserts that *res judicata* does not apply because there has never been a final judgment on the merits of her issue regarding the Affidavit of Support. (Id. at 1-2.) She further claims that the "VAWA I-360 self-petition does not apply" to her since she is already a lawful permanent residence. (Id. at 3.) Plaintiff states that a divorce settlement is not income for purposes of the Affidavit of Support, and that divorce does not terminate the sponsor's obligations. (Id.)

### III. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1999)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief."

4

Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id., to one that is "plausible on its face," id. at 570, rather than merely "conceivable," id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

### IV. Analysis

Under the Immigration and Nationality Act, certain classes of immigrants can be deemed inadmissible, including, but not limited to, those immigrants who may be likely to become public charges. See 8 U.S.C. § 1182(a)(4). However, when a person who intends to sponsor an immigrant for adjustment of status signs a Form I-864, a legally enforceable contract is created between the sponsor and both the Government and the sponsored immigrant. See Shumye v. Felleke, 555 F. Supp. 2d 1020, 1023 (N.D. Cal. 2008). Under the INA, a sponsored immigrant can bring an action

to enforce the affidavit of support against the sponsor in any appropriate court. 8 U.S.C. § 1183a(e)(1).

The terms of the Affidavit of Support explicitly say that, by signing the Form I-864, the sponsor "agrees to provide support to maintain the sponsored alien at an annual income that is not less than 125 percent of the Federal poverty line during the period in which the affidavit is enforceable." 8 U.S.C. § 1183a(a)(1)(A). Federal courts have consistently found that a signed Affidavit of Support creates a legally binding and enforceable contract between the sponsored immigrant and the sponsor. See Cheshire v. Cheshire, No. 3:05-cv-00453-TJC-MCR, 2006 WL 1208010, at *3 (M.D. Fla. May 4, 2006) (collecting cases). The terms of Form I-864 "provide for the appropriate 'measure of damages that would put plaintiff in as good a position as she would have been had the contract been performed.'" Younis v. Farooqi, 597 F. Supp. 2d 552, 554 (D. Md. 2009) (quoting Shumye, 555 F. Supp. 2d at 1024). Sponsors can also be held liable for legal fees and other costs of collection. See 8 U.S.C. § 1183a(c).

A sponsor's obligations under Form I-864 terminates if one (1) of the five (5) following conditions is met: "(1) the sponsor dies, (2) the sponsored immigrant dies, (3) the sponsored immigrant becomes a U.S. citizen, (4) the sponsored immigrant permanently departs the U.S., or (5) the sponsored immigrant is credited with 40 qualifying quarters of work." Shumye, 555 F. Supp. 2d at 1024 (citing 8 U.S.C. § 1183a(a)(2)). Divorce "does not automatically terminate the sponsor's obligations under the Affidavit of Support." Schwartz v. Schwartz, No. CIV-04-770-M, 2005 WL 1242171, at *2 (W.D. Okla. May 10, 2005).

Defendant does not deny signing a Form I-864 to sponsor Plaintiff, and Plaintiff has attached a copy of the signed Form I-864 to her Complaint. (Docket No. 1-1.) Plaintiff has also attached a

copy of her identification card, which indicates that she has been a permanent resident in the United States since March 18, 2013. (Docket No. 1-2.) Clearly, Plaintiff and Defendant are not deceased. There is nothing in the record to suggest that Plaintiff has become a United States citizen or has permanently departed the United States. Finally, nothing in the record suggests that Plaintiff has been credited with forty (40) qualifying quarters of work. Accordingly, there is nothing before the Court to suggest that a statutory condition that would terminate Defendant's obligations under the Form I-864 has been met. See 8 U.S.C. § 1183a(a)(2). Furthermore, the parties' divorce did not terminate Defendant's obligations. See Schwartz, 2005 WL 1242171, at *2.

Defendant requests that the Court dismiss Plaintiff's Complaint "due to failure to properly plea it in an earlier case in which it could have been awarded." (Docket No. 15 at 2.) In support of his argument, he cites Yaguil v. Lee, No. 2:14-cv-00110-JAM-DAD, 2014 WL 1400959 (E.D. Cal. April 10, 2014). In Yaguil, the plaintiff brought suit against the defendant for breach of the Affidavit of Support. Id. at *1. The defendant argued that res judicata applied because the parties had already litigated the issue of support during divorce proceedings; the plaintiff contended that the divorce court did not decide the issue of support under the Form I-864. Id. Upon review of the record, the court noted that the plaintiff had acknowledged that the Form I-864 was one document submitted for the parties' settlement conference in state court. Id. at *2. The court further found no evidence that the issue was dropped at the settlement conference as the plaintiff contended. Id. The court stated that "even if spousal support is different from I-864 Affidavit support, Plaintiff raised it as an issue in the marital dissolution action under the heading for spousal support thereby removing any distinction between the two." Id. Accordingly, the court found that res judicata applied and granted the defendant's motion to dismiss. Id.

Plaintiff's suit is different from Yaguil. The Fourth Circuit has stated that "[t]o establish a res judicata defense, a party must establish: (1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." Jones v. SEC, 115 F.3d 1173, 1178 (4th Cir. 1997) (internal quotation marks omitted). On October 29, 2014, Judge Good entered an Interim Order stating that because Plaintiff did not seek to enforce her right to support under the Form I-864 as part of divorce proceedings, no testimony on the issue would be heard at the final hearing. (Docket No. 15-1 at 1.) Judge Good denied Plaintiff's request for reconsideration of that ruling in her final order. (Docket No. 15-10 at 19.) Accordingly, the issue of support under the Form I-864 was never raised in the parties' divorce proceedings; therefore, there was never a final judgment on the merits of Plaintiff's claim. See Mergia v. Adams, No. 2:08-cv-1159 JAM JFM PS, 2009 WL 1604706, at *7 (E.D. Cal. June 5, 2009), adopted by 2009 WL 2192623 (July 22, 2009) (noting that because the state and bankruptcy courts refused to hear the plaintiff's claim concerning the Affidavit of Support, res judicata could not apply because the defendant had failed to demonstrate that the "claim was litigated and decided by either court"). Given this, the undersigned finds that Plaintiff's Complaint should not be dismissed for her failure to raise her claim for support under the Form I-864 during the parties' divorce proceedings.

Finally, Defendant states as follows:

> It is worth noting that Plaintiff Yuanjie Du's Counsel stated in our divorce proceedings that she was receiving her Legal Permanent Residency through the Violence against Women Act though [sic] what is known as an I-360 Self-Petition, Domestic Violence claims are used in order to obtain Legal Permanent Residency. If this is the case, in the instructions of the I-864, a battered spouse must submit I-864w which is a waiver and makes you exempt from I-864 liabilities and Yuanjie Du becomes her own sponsor.

(Docket No. 15 at 1-2.) Nothing in the record supports Defendant's assertion that Plaintiff completed a Form I-360 to be exempt from the Affidavit of Support on the basis of being a battered spouse. Rather, the record is clear that Defendant signed the Form I-864 on November 8, 2012 (Docket No. 1-1 at 8), and that Plaintiff became a permanent residence on March 18, 2013 (Docket No. 1-2). Accordingly, it appears that Form I-360 does not apply to Plaintiff's situation.

In sum, the undersigned finds that the reasons provided by Defendant for dismissal of Plaintiff's Complaint are meritless. First, the parties' divorce did not terminate Defendant's obligations under the Form I-864, and nothing in the record suggests that a statutory condition that would terminate such obligations has been met. See 8 U.S.C. § 1183a(a)(2); Schwartz, 2005 WL 1242171, at *2. Furthermore, res judicata does not apply, because Plaintiff never presented her claim for support under the Form I-864 to the Family Court, and therefore no final decision on the merits of her claim has been rendered. Finally, Defendant's arguments regarding the Form I-360 are irrelevant. Accordingly, the undersigned finds that Defendant's motion to dismiss should be denied, and Plaintiff's Complaint should be allowed to proceed.

### V. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's motion to dismiss (Docket No. 15) be **DENIED**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above

will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* Plaintiff and Defendant by certified mail, return receipt requested, to their last known addresses as shown on the docket.

Respectfully submitted this 26 day of March, 2015.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE