# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**YUANJIE DU,**

    Plaintiff,

**v.**
                                                                                                                    Civil Action No. 2:14-CV-100
                                                                                                            (BAILEY)

**CHRISTOPHER SEAN MCCARTHY,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

I.    <u>Introduction</u>

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull [Doc. 23]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Kaull for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Kaull filed his R&R on March 26, 2015 [Doc. 23]. In that filing, the magistrate judge recommended that this Court deny the defendant's Motion to Dismiss [Doc. 15].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140,

1

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Objections to Magistrate Judge Kaull's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The defendant timely filed his Response to Report and Recommendations [Doc. 26] on April 9, 2015. Accordingly, this Court will review the portions the R&R to which the defendant objects under a *de novo* standard of review. The remainder will be reviewed for clear error.

II.     Factual and Procedural History

This matter arises out of a *pro se* Complaint [Doc. 1] petitioning enforcement of a Form I-864 Affidavit of Support Form under the Immigration and Nationality Act. Pursuant to Form I-864, if the plaintiff became a permanent resident, the defendant would be obligated to provide support at an "income that is at least 125 percent of the Federal Poverty Guidelines for his [] household size." Immigration and Nationality Act, Section 213A. According to the Complaint, the plaintiff became a permanent resident on March 18, 2013.

The plaintiff and defendant went through divorce proceedings in the Family Court of Randolph County, West Virginia on March 28, 2014. On October 29, 2014, Judge Michele Good entered an Interim Order wherein she stated that the plaintiff may be entitled to support pursuant to the Immigration Act; however, she ruled that she would not hear testimony related to the plaintiff's claim for support under Form I-864. Judge Good entered a Final Divorce Order on November 21, 2014. Thus, plaintiff thus asserts that *res judicata*

does not apply because there has never been a final judgment on the merits of her Form I-864 claim.

III.     Rule 12(b)(6) Standard

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is *plausible* on its face.' **Bell Atl. Corp. v. Twombly**, 127 S.Ct. 1955, 1974 (2007) (emphasis added)." **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs. **Edwards v. City of Goldsboro**, 178 F.3d 231, 243-44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. **Anheuser-Busch, Inc. v. Schmoke**, 63 F.3d 1305, 1312 (4th Cir. 1995). In **Twombly**, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id*. at 1964-65, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id*. at 1974.

IV. Discussion

As discussed in the R&R, when a person who intends to sponsor an immigrant for adjustment of status signs a Form I-864, a legally enforceable contract is created between the sponsor and both the Government and the sponsored immigrant. As further discussed in the R&R, this Court has jurisdiction to enforce the legally binding obligations created thereby. Finally, the R&R lays out the circumstances under which the sponsor's obligations under Form I-864 can terminate. Finding none of the conditions for termination having occurred, the R&R recommends the Motion to Dismiss be denied.

The defendant's response to the R&R only contains one argument relevant to the instant inquiry, wherein he states that the signature on the Form I-864 is not his. This allegation, however, is not properly decided by this Court for two reasons. First, in considering a motion to dismiss, this Court must accept the allegations in the Complaint as true and view the same in the light most favorable to the plaintiff. As such, this Court must assume for these purposes that the signature is that of the defendant. Second, a dispute over the authenticity of a signature is a question of fact for a jury to decide. Accordingly, the defendant's objection is **OVERRULED**. As previously stated, the remaining portions of the defendant's response are either lacking in relevance or merit.

V. Conclusion

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 23]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. As such, the defendant's Motion to Dismiss **[Doc. 15]** is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to mail copies of this Order to the *pro se* parties.

**DATED:** April 16, 2015.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE